IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <u>ex rel.</u>, | ) | |
| UXB INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 7:14-cv-00339 |
| | ) | |
| v. | ) | |
| | ) | |
| 77 İNŞAAT & TAAHHÜT A.Ş., | ) | By: Hon. Michael F. Urbanski |
| | ) | United States District Judge |
| 77 CONSTRUCTION COMPANY, | ) | |
| | ) | |
| 77 GROUP COMPANY, and | ) | |
| | ) | |
| SULEYMAN CILIV, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This is a *qui tam* action brought by UXB International, Inc. ("UXB") on behalf of the United States of America under 31 U.S.C. § 3729. The United States has declined to intervene at this time but reserves the right to intervene later. ECF No. 2. Defendants are various Middle East entities and their alleged principal and majority shareholder. The claims in this case stem from various contracts to perform work at Baghram Air Force Base in Afghanistan and other work performed by the defendants in the Middle East. UXB alleges defendants failed to provide required documentation of costs incurred for performance of their work and inflated costs and overhead amounts in invoices submitted to UXB and other government contractors who, in turn, submitted the claims to the United States.

This case is related to another case in the Western District of Virginia, <u>77 Construction Co. v. UXB International, Inc.</u>, No. 7:13cv00340 (W.D. Va.). The parties recently notified the court they had reached a settlement agreement as to all claims in that case. The plaintiff in that action, 77

Construction Company, is represented by Arthur Shaheen, Donald Haga, Jr., and Kristoher Olin of the Shaheen Firm, P.C., the Haga Law Firm, PLC, and the Spicer Law Firm, P.C., respectively.

Before the court is UXB's motion to Serve Defendants through Alternative Means, ECF No. 27, pursuant to Federal Rule of Civil Procedure 4(f)(3). For the following reasons, UXB's motion is granted.

I.

According to UXB, defendant 77 İnşaat & Taahhüt A.Ş ("77 Turkey") is incorporated in Turkey, and Suleyman Ciliv ("Ciliv") resides in Turkey. Defendant 77 Construction Company ("77 Afghanistan") is incorporated in Afghanistan, and defendant 77 Group Company ("77 Iraq") is incorporated in Iraq. UXB claims Ciliv is the principal or majority shareholder of all three entities, and it has attempted to accomplish service by asking Ciliv to execute a waiver of service and by asking local counsel for 77 Construction Company in case number 7:13cv340 to accept service of process for the defendants in this case. Ciliv did not respond to UXB's request, and local counsel informed UXB they were not authorized to accept service of process on behalf of any of the defendants in this matter.

As 77 Turkey and Ciliv are residents of Turkey, a signatory to the Hague Convention on Service Abroad of Judicial and Extrajudicial documents in Civil or Commercial Matters, November 15, 1965, 20 U.S.T. 361 ("the Hague Convention"), UXB attempted service in accord with the Hague Convention. UXB learned immediately preceding the hearing on its present motion that service had been made on 77 Turkey and Ciliv. Because Afghanistan and Iraq are not signatories to the Hague Convention,[1] counsel for UXB represented to the court that he had researched both the Afghanistan and Iraq constitutions and civil codes and attempted to contact the foreign ministries in those countries in order serve the two other defendants. UXB even went so far as to contact process

---

[1] A table of signatories to the Hague Convention may be found at http://www.hcch.net/index_en.php?act=conventions.status&cid=17.

2

Case 7:14-cv-00339-MFU-RSB   Document 32   Filed 07/08/15   Page 2 of 5   Pageid#: 1406

servers that specialize in service in the Middle East but could not be guaranteed that 77 Afghanistan and 77 Iraq could be served. Finally, UXB considered service by Federal Express or registered mail, but, due to the unrest in those nations, neither Federal Express nor registered mail was guaranteed to reach the defendants. Thus, UXB now wishes to serve 77 Afghanistan and 77 Iraq by alternative means under Rule 4(f)(3).

## II.

Service of process on a foreign defendant must comply with the due process requirements of the Constitution and Federal Rule of Civil Procedure 4(f). Service satisfies due process when it provides "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." <u>Mullane v. Cent. Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314 (1950); <u>Snider Int'l Corp. v. Town of Forest Hieghts, Md.</u>, 739 F.3d 140, 146 (4th Cir. 2014) (citing <u>Mullane</u>, 339 U.S. at 314-15)). Due process does not require actual notice, however, and notice either (1) "reasonably certain to inform those affected" or (2) "is not substantially less likely to bring home notice than other of the feasible and customary substitutes" will suffice. <u>Id.</u> at 315.

Rule 4(f) provides for three means of service of process on foreign defendants:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . ; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f)(1)-(3). "Rule 4(f) does not denote any hierarchy or preference of one method of service over another," and permitting service by alternative means is "'neither a last resort nor

3

extraordinary relief.'" BP Prods. N. Am., Inc. v. Dagra, 232 F.R.D. 263, 264 (E.D. Va. 2005) (quoting Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1015 (9th Cir. 2002)).

### III.

The court finds that allowing UXB to serve 77 Afghanistan and 77 Iraq by both email and through 77Afghanistan's counsel in the United States under Rule 4(f)(3) is reasonably calculated to provide the defendants with notice of the lawsuit and is not in violation of any international agreements.

First, UXB represents that Suleyman Ciliv ("Ciliv") is the majority shareholder and an officer of each of the defendants, and Ciliv has contacted UXB through his personal email account at suleymanciliv@hotmail.com. That Ciliv has previously contacted UXB through his personal email suggests that this is a "preferred method[] of communication which he regularly uses." WhosHere, Inc. v. Orun, No. 1:13-cv-00526, 2014 WL 670817, at *4 (E.D. Va. Feb. 20, 2014). Further, Ciliv has provided another email address to UXB, suleymanciliv@77construction.com, in Rule 26 disclosures for another case involving some of the same parties to this litigation. See ECF No. 21-11. Ciliv participated in a deposition for case number 7:13cv340 and testified he is an owner of 77 Afghanistan and 77 Iraq. See ECF No. 19-3 at *3. Thus, service by email to both of the addresses provided by Ciliv is reasonably calculated to provide defendants with notice of the lawsuit. See WhosHere, Inc., 2014 WL 670817 at *3 (citations omitted).

Second, service on local counsel in case number 7:13cv340 will provide defendants with notice of this lawsuit and is permitted under Rule 4(f). See U.S. Commodity Futures Trading Com'n v. Aliaga, 272 F.R.D. 617, 620-21 (S.D. Fla. 2011) (permitting service on local counsel despite counsel's representation that he was not allowed to accept service on behalf of his client); FMAC Loan Receivables v. Dagra, 228 F.R.D. 531, 534 (E.D. Va. 2005). Mr. Shaheen, Mr. Haga, and Mr. Olin have represented Suleyman Ciliv and 77 Construction in two other actions in this court. See

4

ECF No. 21-11; 77 Construction Co. v. UXB Int'l, Inc., No. 7:13cv00340 (W.D. Va.). The parties in this action are no strangers to litigation, and case number 7:13cv340 involves some of the very same contracts at issue in this case. Compare Am. Compl., ECF No. 19-1, with Answer and Counterclaim, ECF No. 27, and Mem. Supp. Mot. Summ. J., ECF No. 162, 77 Construction Co., v. UXB Int'l, Inc., No. 7:13cv000340 (W.D. Va.). Given the relationship between this case and case number 7:13cv340, defense counsel's appearance in that matter and in case number 7:12cv298, Ciliv's involvement in those matters, and UXB's representations that a copy of the amended complaint has already been provided to both defense counsel and Ciliv, the court believes defendants are more than likely already aware of this litigation and its subject matter.[2] As such, the court finds service on local counsel in this case satisfies due process and is reasonably calculated to provide the defendants with notice of this lawsuit.

## IV.

In sum, the court finds that service on defendants 77 Afghanistan and 77 Iraq by email to the two email addresses provided by Suleyman Ciliv and service on counsel of record in case number 7:13cv340 is reasonably calculated to provide defendants with notice of this action under Rule 4(f), is not prohibited by international agreement, and comports with due process. Accordingly, UXB's motion for alternative service is **GRANTED**. An appropriate order will be entered this day.

The Clerk is directed to send copies of this Memorandum Opinion to counsel of record.

Entered:  July 8, 2015

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[2] Counsel for UXB also represented that UXB and 77 Afghanistan had agreed to request a meeting with the United States Attorney's Office regarding the claims in this case. The meeting would involve all parties in this matter—further evidence the defendants are already aware of this litigation.

5